UNITED STATES BANKRUPTCY COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| MICROFIBRES, INC. | : | Bk. No. 16-10154 |
| | : | Chapter 7 |
| | : | |
| DAWN PHILLIPS and CEDRIC WILLIAMS on behalf of themselves and all others similarly situated: | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | A.P. No. 16-01002 |
| | : | |
| MICROFIBRES, INC. | : | |
| | : | |
| Defendant. | : | |

### ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT

Joseph M. DiOrio, the Chapter 7 trustee (the "Trustee") of Microfibres, Inc. ("Microfibres" or the "Debtor") in the above-captioned case, answers the First Amended Class Action Complaint as follows.

### Jurisdiction and Venue

1. Without admitting the alleged statutory bases, the Trustee admits that the Court has jurisdiction over this adversary proceeding.

2. Without admitting the alleged statutory bases, the Trustee admits that this is a core proceeding.

### Nature of the Action

3. The Trustee admits that Plaintiffs purport to have filed a class action under the WARN Act, and denies all remaining allegations of Paragraph 3 to the extent it alleges facts relating to the claim.

## Parties

4. Admitted.

5. The Trustee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5, and therefore denies them.

6. Admitted that on January 29, 2016, the Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code.

7. The Trustee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7, and therefore denies them.

## Class Action Allegations 29 U.S.C. § 2104

8. The Trustee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8, and therefore denies them. To the extent that Paragraph 8 states legal conclusions, no response is required.

9. The Trustee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9, and therefore denies them.

10. The Trustee admits that, on or about January 28, 2016, the Debtor terminated the Plaintiffs' employment as part of a plant closing, and denies all remaining allegations of Paragraph 10.

11. Paragraph 11 states legal conclusions as to which no response is required. To the extent a response is deemed required, the Trustee denies the allegations of Paragraph 11.

12. The Trustee admits that all of the Debtors' employees were discharged on January 28, 2016, and denies all remaining allegations of Paragraph 12.

13. Paragraph 13 states legal conclusions or otherwise makes statements as to which no response is required. To the extent a response is deemed required, the Trustee denies the allegations of Paragraph 13.

14. The Trustee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14, and therefore denies them.

15. The Trustee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15, and therefore denies them.

16. Paragraph 16 states legal conclusions or otherwise makes statements as to which no response is required. To the extent a response is deemed required, the Trustee denies the allegations of Paragraph 16.

17. Paragraph 17 states legal conclusions or otherwise makes statements as to which no response is required. To the extent a response is deemed required, the Trustee denies the allegations of Paragraph 17.

18. The Trustee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18, and therefore denies them.

19. The Trustee denies that there was an obligation to make the payments and contributions, or provide the coverage and benefits as alleged in Paragraph 19.

## Class Action Allegations Rule 7023(a) and (b)

16. [sic]  Paragraph 16 states legal conclusions or otherwise makes statements as to which no response is required. To the extent a response is deemed required, the Trustee denies the allegations of Paragraph 16.

17. [sic]  Paragraph 17 states legal conclusions or otherwise makes statements as to which no response is required. To the extent a response is deemed required, the Trustee denies the allegations of Paragraph 17.

18. [sic]  Paragraph 18 states legal conclusions or otherwise makes statements as to which no response is required. To the extent a response is deemed required, the Trustee denies the allegations of Paragraph 18.

19. [sic] Paragraph 19 states legal conclusions or otherwise makes statements as to which no response is required. To the extent a response is deemed required, the Trustee denies the allegations of Paragraph 19.

[20. [sic] Paragraph 20 states legal conclusions or otherwise makes statements as to which no response is required. To the extent a response is deemed required, the Trustee denies the allegations of Paragraph 20.

21. [sic] The Trustee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21, and therefore denies them.

22. [sic] The Trustee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22, and therefore denies them.

23. [sic] The Trustee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23, and therefore denies them.

24. [sic] Denied.

25. [sic] Paragraph 25 states legal conclusions as to which no response is required. To the extent a response is deemed required, the Trustee denies the allegations of Paragraph 25.

26. [sic] The Trustee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26, and therefore denies them.

27. [sic] The Trustee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27, and therefore denies them.

28. [sic] Admitted.

29. [sic] The Trustee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29, and therefore denies them. Further answering, the claims process already concentrates all potential litigation in this Court.

30. [sic]  The Trustee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30, and therefore denies them.

31. [sic]  The Trustee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31, and therefore denies them.

32. [sic]  The Trustee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32, and therefore denies them.

33. [sic]  Denied.

### The Claim for Relief

34. [sic]  The Trustee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34, and therefore denies them.

35. [sic]  Paragraph 35 states legal conclusions as to which no response is required.  To the extent a response is deemed required, the Trustee admits the allegations of Paragraph 35.

36. [sic]  The Trustee admits that the Debtor ceased operations and terminated its employees on January 28, 2016, and denies all remaining allegations of Paragraph 36.

37. [sic]  Paragraph 37 states legal conclusions as to which no response is required.  To the extent a response is deemed required, the Trustee admits that more than 50 employees and 33% of its employees were terminated, and denies all remaining the allegations of Paragraph 37.

38. [sic]  The Trustee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38, and therefore denies them.

39. [sic]  Paragraph 39 states legal conclusions as to which no response is required.  To the extent a response is deemed required, the Trustee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39, and therefore denies them.

40. [sic]  Paragraph 40 states legal conclusions as to which no response is required.  To the extent a response is deemed required, the Trustee denies the allegations.

41. [sic] Paragraph 41 states legal conclusions as to which no response is required. To the extent a response is deemed required, the Trustee denies the allegations.

42. [sic] Paragraph 42 states legal conclusions as to which no response is required. To the extent a response is deemed required, the Trustee denies the allegations.

43. [sic] The Trustee denies that there was an obligation to make the payments and contributions, or provide the coverage and benefits as alleged in Paragraph 43.

44. [sic] Paragraph 44 states legal conclusions as to which no response is required. To the extent a response is deemed required, the Trustee denies the allegations.

45. [sic] Paragraph 45 states legal conclusions as to which no response is required. To the extent a response is deemed required, the Trustee denies the allegations.

## Other Defenses

1. The Debtor is not liable to the Plaintiffs or any other former employees because it was a faltering business when it ceased operations.

2. The Debtor is not liable to the Plaintiffs or any other former employees due to unforeseen circumstances.

3. The Plaintiffs and any other former employees failed to mitigate their damages.

4. The Debtor acted in good faith toward the Plaintiffs and other former employees.

5. The Debtor paid the Plaintiffs and any other former employees in full for compensation they were owed.

6. The bankruptcy claims process provides a sufficient process to adjudicate the claims of the Plaintiffs, and any other former employees who wish to assert claims.

7. The proposed class is not so numerous that joinder of all members is impracticable.

Document    Page 7 of 8

8.  The Trustee is willing and able to treat similarly situated former employees consistently and fairly on grounds that apply generally to prospective members of a class such that class treatment is not necessary.

9.  There is no risk of inconsistent or varying adjudications with respect to individual class members because all claims will be administered by the same trustee, and subject to review by the same Court.

10. Plaintiffs and the proposed class provided no services that benefited the estate, and any damages they receive are not entitled to administrative priority.

WHEREFORE, the Trustee respectfully requests that the Court deny Plaintiffs their requested relief; enter judgment in favor of Microfibres, Inc.; award the Trustee the reasonable fees and costs to defend this matter; and grant such other and further relief as may be just and proper.

Respectfully Submitted:
JOSEPH M. DiORIO, Chapter 7 Trustee
By his Attorneys,

/s/ *Gardner H. Palmer, Jr.*
Gardner H. Palmer, Jr. (#3707)
DiOrio Law Office
144 Westminster Street, Suite 302
Providence, RI 02903
Phone: 401-632-0911
Fax:  401-632-0751
jmdiorio@dioriolaw.com
ghpalmer@dioriolaw.com

Date: May 6, 2016

## CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2016, I electronically filed the Answer to First Amended Class Action Complaint with the Clerk of the Bankruptcy Court for the District of Rhode Island using the CM-ECF System. The following are CM/ECF System participants in this case eligible to receive notice of the filing of such paper(s) electronically:

Evan Shanley, Esq.
Stuart J. Miller, Esq.
Mary E. Olsen, Esq.
M. Vance McCrary, Esq.

                                                /s/ *Gardner H. Palmer, Jr.*